*240 Opinion of the Court, by
Judge Owsley.
THIS is a writ of error brought to a judgment rendered in bar of an action of assumpsit, brought in the court below by Martin against M’Fadin.
The statute h“s teratíon asto the mode of 1 1 w‘
Asalo by an auctioneer,of t¿,is statute a-gf-i'ist frauds jj'™] no’meií oramlnm mad-c by tho ;ae a recovery, unless it 'he^iu-chasor or^omeono1 authorised tc-‘ío 11 f;’r k,m
From the record, it appears ihat ihe judgment was tendered .by t^e" court after deciding on a demurrer Tjvliich waspiftin by M’Fadin to the replication‘of.Martin to his special plea; bfet the clerk certifies,.that ther the demurrer, replication or pica was filed, and neitiicr of them are contained in the.BffcorcU r, ,. ,, , Ir ,.
,. , ,. WnatcVer may, therefore, nave been the question made by the pleadings and decided by the court •below,'it is obvious,( that in revising tlje judgment, this court must be confined to the question, wheth-cr or not the matter set out in the declaration, imports a sufficient cause nf action'-, for as the record contains no pica in defence of the matter alleged, the judgment in bar of the action, cannot be sustained, if the declaration contains n good cause of action.
It was suggested at the bar, that the judgment was given by the court below, upon the ground that the as-sumpsit alleged in the declaration, comes within statutc against frauds and perjuries, and from the suggest-ions contained in the record, it-is probable that the pleadings-involved a question of that sort. Ilut judging from the declaration itself, that question is not pre-senled in a form to lie now decided. Although ¡he promise contained in the declaration, appears to have grown out of a contract for the sale of land, there is no suggestion in the declaration, of the promise not having been reduced to writing, and without such a suggestion, no question as to the application of the statute can arise, in deciding on the sufficiency of the declaration; for it has long since been decided, and is now the settled doclrine of the law, that the statute against frauds and perjuries, has produced no change in the manner ofde-claring in actions at law. The only alteration produced by the statute, consists in the description of evidence necessary tobe produced by the plaintiff in support the assumpsit charged in the declaration. lithe de-duration would have been good at common law, it will be sustained, notwithstanding the statute.
It follows, therefore, that the statute against frauds and perjuries, presents no bar to the cause of action, as exhibited in the declaration; and us no other objection to die declaration ivas taken in argument, and none oth-erls perceived, the judgment of the court beloi-v must be reversed.
*242 But as the cause must be remanded for further pro* cecdings, it may be proper to observe, that should it turn out in evidence, or be made appear^y an appropriate plea, that neither the promise alleged in the declaration, nor any memorandum ornolc thereof, shall have been given in writing signed by M’Fa din, or some other person by ’him thereunto lawfully authorised, though made for the sale at auction of a town lot, under the statute against frauds and perjuries, Martin cannot be entitled to recover.
Nor will (he case be altered, even should it appear that at the time of sale, the auctioneer set down in a hook kept for that purpose, (he price for which the lot sold and the time of payment, unless the memorandum he signed by MFadin, or some person possessing competent authority from him, as was held by this court in the case of Thomas’ executrix vs. the Trustees of Harrodsburg, 3 Marsh. 298.
• The judgment must he reversed with costs, the cause remanded to the court below, and further proceedings there had, not inconsistent with this opinion.