JUDGE HARDIN
delivered the opinion oe the court.
This appeal is prosecuted for the reversal of a judgment for compelling the specific execution of a contract of sale made at auction of a lot of ground in the city of Louisville. The only written memorial of the contract was a memorandum, made at the time by the auctioneer in his sales-book, stating the fact of the sale, the price, and the names of the owner and purchaser, which was proved in connection with a previous advertisement of the time, place, and terms of the sale, and a description of the property.
The principal grounds of defense were that the contract was not expressed in writing and signed, as required by law. to render it enforceable by an action thereon; and if it was, a specific execution ought not to be adjudged because of the invalidity of the plaintiff's title.
It appears that the sale was made by the auctioneer, in the usual mode of selling property at auction, at the instance of an authorized agent of the plaintiff; and although the lot was bid off by another, it was for the defendant, who was present, and *12 assumed the accepted bid as his own, and so informed the auctioneer. It also appears that the defendant was at the time in possession of the lot; but that he acquired the possession many years before from one Hugh Wilkinson, and had not occupied the lot as the tenant of the plaintiff.
The first inquiry is, whether the action was within the interdiction of the statute of.frauds? (1 R. S. 264.) The statute declares, in substance and effect, that no action shall be brought to charge any person, upon any contract for the sale of real estate, or any lease thereof for a longer term than one year, unless the contract, or some memorandum or note thereof, be in writing, and signed at the close thereof by the party to be charged therewith, or by his authorized agent.
If there is any substantial difference between this provision of the Revised Statutes and the first section of the act of 1796 (1 M. & B. 734), and the English statute of frauds of 29 Car. 2, so far as they relate to sales of real estate, it is that while the last-named statutes did not designate the manner in which such contracts should be signed, our present statute expressly requires that they be “ signed at the close thereof.” But waiving this apparent difference, and regarding each enactment as substantially the same when applied to such a state of facts as this record presents, was the contract obligatory on the defendant? The statute contains no provision excepting auction sales from its operation, and it is now well settled by the judicial construction of similar statutes, in this country and in England, that generally auction sales not completed by some written memorial are within the operation of the statute.
But it has been repeatedly decided in New York and other American states, in accordance with the current of modern English decisions on the subject, that an auctioneer should be regarded ordinarily as an agent of both the seller and purchaser of either real or personal property sold by him; and if, as seems to have been done in this case, on making the sale he *13 sign for them a memorandum of the sale, such memorandum will be a sufficient written memorial of the contract to bind the purchaser. (Coles v. Trecothick, 9 Vesey, 234; Buckmasterv. Harrop, 13 Vesey, 456; McComb, &c. v. Wright, 4 Johnson’s Chy. Rep. 659.)
It is contended, however, for the appellant that this is not the accepted doctrine concerning auction sales of land in this state, and we are referred to the cases of Thomas’s ex’r v. Trustees of Harrodsburg, 3 Marshall, 298, and Martin v. McFadin, 4 Littell, 240, as sustaining a different construction of the law. But a careful examination of those cases has satisfied us that they do not conflict with the other authorities to which we have referred, neither case involving the effect of any act done by the auctioneer as the immediate agent of the purchaser as well as the seller of the property; the point determined in the first case being that the purchaser of lots which the trustees of Harrodsburg caused to be sold by an auctioneer was not bound by an entry of the sale in the books of the trustees as a memorial of the contract, and the last-cited case containing only a suggestion of the court that an auctioneer’s memorandum would not bind the purchaser unless signed by him, “ or some person possessing competent authority from him.”
The question not being concluded by any previous adjudication of this court, we are constrained, by what seems to be the weight of authority in the construction of similar statutes to our own, to hold that the memorandum of the auctioneer in this case, signed with the name of the appellant as purchaser by his authority and in his presence, was a sufficient memorial of the contract to exempt it from the operation of the statute of frauds.
But the further question remains to be decided, whether the title exhibited by the appellee was such as the appellant should have been required to accept.
*14 In 1834 John D., Colmesnil, who owned the lot, conveyed it by deed of mortgage to James Hewett; and, without satisfying the mortgage debt, Colmesnil and his wife executed an absolute conveyance of the lot to James Guthrie in 1844. In 1852 Hewett sued Colmesnil and Guthrie for'a foreclosure of his mortgage, and recovered a judgment, under which the lot was sold, and purchased by him for part only of his debt; and the sale was confirmed by the court in 1857, but without any order directing a conveyance. No further step seems to have been taken in the cause till the 25th of September, 1868, when Mrs. Clarissa Hewett appeared in court and suggested the death of James Hewett, and, on notices in writing to Colmesnil and Guthrie, moved the court to order its commissioner to convey the lot to her as the devisee of James H, deceased, and filed a copy of James Hewett’s will as evidence her right to his interests in the property; and on this motibh the court caused a deed to be made to the appellee, which, with the record of said suit, was exhibited by her as evidence of her derivation of the title from Colmesnil and Guthrie.
It is manifest, we think, that the proceeding upon notice did not have the effect of an order of revivor made in proper time, according to the provisions of Title XI. of the Civil Code of Practice, nor of an original or supplemental action for the purpose of acquiring the title. But it is insisted that the-order confirming the sale was equivalent to a direction to the commissioner of the court to execute a deed to James Hewett, and that the conveyance to the appellee, as his devisee, was effectual to pass the title, according to the act of May 31, 1865 (Myers’s Supplement, 113), without a revivor of the action. The first section of that act provides: “ That where, by the judgment of any of the courts of this commonwealth having jurisdiction thereof, a conveyance of real estate is ordered to be made by a commissioner or commissioners, and *15 before the conveyance is perfected any of the parties die, it shall not be necessary to revive the action; bnt the conveyance, in pursuance of the judgment, shall be effectual to pass the title, notwithstanding the death of any of the parties.”
If the order of confirmation was, as contended, substantially a judgment for a conveyance to James Hewett, certainly the deed to the appellee was not made “ in pursuance of the judgment,” as required by the statute. But the order did not import a judgment directing a conveyance; and as there was no such judgment, and the court was not authorized on the mere notice of the appellant to Colmesnil and Guthrie to order the conveyance to be made to her, the deed of the commissioner did not, in our opinion, operate to divest Colmesnil and Guthrie of the title. For this defect of titl° the judgment must therefore be reversed; but the plaintF .vi'll be allowed, on the return of the cause, to amend \t; petition, and bring the necessary parties before the court, to enable it to adjudge a conveyance of the title, if it shall appear proper to do so.
Wherefore the judgment is reversed, and the cause remanded for further proceedings not inconsistent with this opinion.